**UNITED STATES of America,
Plaintiff,**

v.

**Ronald Thomas BOHLE, Defendant.**

**No. 72–CR–173.**

United States District Court,
N. D. New York.

July 5, 1972.

James M. Sullivan, Jr., U.S. Atty. for the N.D. N.Y., for United States; Robert E. Wildridge, Asst. U.S. Atty., of counsel.

Anthony Battelle and Sarah Salter, Syracuse, N.Y., for defendant.

## OPINION

MacMAHON,* District Judge.

The defendant Bohle is charged with aircraft piracy under a federal statute (49 U.S.C. § 1472(i)) which, on its face, permits the jury to recommend the death penalty if the defendant is con-

* Of the Southern District of New York, sitting by designation.

victed. We are, thus, called upon to decide whether, in light of the recent decision of the Supreme Court in Furman v. Georgia and related cases,[1] the air piracy statute is unconstitutional insofar as it permits the imposition of the death penalty.

The statute making aircraft piracy, commonly called "skyjacking," a crime (49 U.S.C. § 1472(i)) provides that "[w]hoever commits or attempts to commit aircraft piracy, as herein defined, shall be punished—(A) by death if the verdict of the jury shall so recommend, or, in the case of a plea of guilty, or a plea of not guilty where the defendant has waived a trial by jury, if the court in its discretion shall so order; or (B) by imprisonment for not less than twenty years if the death penalty is not imposed."

It is plain on the face of this statute that it permits judges and juries, in their unfettered discretion, to impose the death penalty on some but not on others guilty of the same crime.

The statute, thus, permits the punishment of death to be meted out to a few in a random, capricious, selective and unpredictable manner. It sets forth no standards for the guidance of judges or juries in determining under what circumstances the death penalty, or some lesser degree or kind of punishment, is to be imposed.

The statute, therefore, in operative effect, delegates the authority to impose the death penalty to the lottery of jury composition and the roulette of judicial selection.

It is axiomatic that penal laws must be evenhanded, non-selective and non-arbitrary, and judges and juries must have definitive guidelines so that such laws will not be applied infrequently, selectively and spottily.

As the recent decisions of the Supreme Court in the cases of Furman v.

1. 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972).

Georgia, Jackson v. Georgia and Branch v. Texas, so cogently demonstrate, the death penalty under such statutes is an unusually severe and degrading punishment; it is infrequently and arbitrarily applied; it is rejected by contemporary society; and it is not necessary as a deterrent to crime.

■ We hold, therefore, that the air piracy statute (49 U.S.C. § 1472(i)) is unconstitutional insofar as it permits either judges or juries to impose the death penalty.